WALLACE, Judge.
 

 Jerry Wayne Brown, Jr., appeals his two judgments and life sentences for sexual batteries committed upon two persons under the age of twelve years, violations of section 794.011(2)(a), Florida Statutes.
 
 [1]
 
 
 *430
 
 The sole issue Mr. Brown asks us to determine is whether the trial court erred in instructing the jury in accordance with section 794.022(1) that the testimony of the victim need not be corroborated in a prosecution for sexual battery. Because we conclude that such an instruction is misleading and constitutes an improper comment on the evidence by the trial court, we reverse Mr. Brown’s judgments and sentences and remand for a new trial.
 

 I. THE FACTUAL BACKGROUND
 

 The State charged Mr. Brown with committing sexual battery against two sisters in Collier County at some time between January 1, 1983, and August 1, 1987. The evidence at trial established that the sisters had moved with their family to the Naples area in January 1983. From 1983 until the summer of 1987, Mr. Brown, to whom the sisters were related, had lived sporadically at the sisters’ family home in Naples. In January 1983, Mr. Brown would have been eighteen years old. When the two sisters moved to Naples, the older sister was seven years old and the younger sister was six.
 

 In 2006, the two sisters contacted law enforcement officials and reported that Mr. Brown had committed multiple acts of sexual abuse — including sexual battery— against them from January 1983 until the summer of 1987 when they moved from the Naples area. At the time of the report, the older sister was thirty and the younger sister was twenty-nine. Neither of the sisters had made any contemporaneous complaints about the alleged sexual abuse by Mr. Brown. Based on the sisters’ reports, Mr. Brown was arrested and charged with committing two sexual batteries — one against each sister.
 

 At trial, the State presented the testimony of three witnesses. The two sisters testified about the four and one-half years of sexual abuse they claimed to have experienced at the hands of Mr. Brown. A detective employed by the Collier County Sheriffs Office testified that she had taken statements from the sisters on November 5, 2006. The detective also testified that Mr. Brown had been born in August 1964. The State did not present any physical evidence or any evidence concerning collateral crimes. In addition, the State did not present evidence of any admissions or incriminating statements by Mr. Brown. Mr. Brown elected not to testify in his own defense. He did not call any witnesses.
 

 The jury found Mr. Brown guilty as charged of both counts of sexual battery. The trial court adjudged him to be guilty in accordance with the jury’s verdicts and sentenced him to life in prison on each count.
 
 [2]
 
 The sentences were designated to run consecutively.
 

 II. THE SPECIAL JURY INSTRUCTION
 

 Except to the extent that the testimony of each sister reinforced the testimony of the other, their accounts of the alleged sexual abuse were not supported by evidence of contemporaneous complaints, physical evidence, admissions by Mr. Brown, or evidence of collateral crimes. In his opening statement and in his cross-examination of the two sisters, defense counsel noted the absence of any evidence corroborating the sisters’ testimony. At the charge conference, the prosecutor requested a special jury instruction based on section 794.022(1), which provides: “The testimony of the victim need not be corrob
 
 *431
 
 orated in a prosecution under s. 794.011.” Section 794.011 is the sexual battery statute. The State’s requested instruction tracked the language of section 794.022(1) almost verbatim. The instruction read: “The testimony of the victim need not be corroborated in a prosecution for sexual battery.”
 

 Defense counsel objected to the special instruction. In pertinent part, he argued:
 

 I think that’s probably an instruction that goes more to [a] motion for judgment of acquittal than it does to something for the jury, because when it comes before the Court, the Court can look at it and say there was no corroboration. The statute says, Judge, you don’t need it. You can then deny the motion for judgment of acquittal.
 

 To get out here and tell them that there doesn’t have to be any corroboration is pretty much deciding the verdict.
 

 [[Image here]]
 

 In any case, we never come down and say somebody’s testified and there has to be corroboration. That’s an argument. But to suggest, by special instruction, that what these girls say doesn’t need to be corroborated is pretty much giving them an invitation to say, okay, fine, then that’s good enough. I don’t think that we should say one way or the other.
 

 Thus defense counsel opposed the requested instruction on the ground that section 794.022(1) was pertinent only to the State’s burden of proof to survive a motion for judgment of acquittal and was not a proper subject of comment by the trial court.
 

 In addition, defense counsel’s objection to the special instruction included the following argument: ‘Your instruction says corroboration or lack of corroboration, the veracity or lack of veracity of a witness.” This portion of defense counsel’s objection is ambiguous. However, this comment may be reasonably interpreted as an observation that the subject matter of the special instruction was adequately covered in Standard Jury Instruction 8.9 on “Weighing the Evidence.”
 

 The trial court overruled defense counsel’s objection and agreed to give the special instruction. After observing that the defense had put the uncorroborated nature of the sisters’ testimony “at issue,” the trial court ruled: “All right. Well, it is the law. It’s in the section under sexual battery. It refers specifically to the sexual battery section. I’m going to add this on both counts.” Having decided to give the special instruction, the trial court might have incorporated the instruction into the text of Standard Jury Instruction 8.9 on “Weighing the Evidence.” Instead, the trial court added the special instruction to the end of Standard Jury Instruction 11.1 on “Sexual Battery — Victim Less than 12 Years of Age.” Because there were two victims, the instruction was read to the jury twice, once in connection with each separate instruction for each sister.
 

 III. THE PARTIES’ ARGUMENTS
 

 On appeal, Mr. Brown argues that the special “instruction amounted to an improper comment on the evidence and it constituted judicial approval of a crucial State argument.” In response, the State emphasizes that the jury instructions must be considered in their entirety. According to the State, the jury instructions — taken as a whole — correctly informed the jury concerning the State’s burden to prove its case beyond a reasonable doubt by presenting testimony from the sisters establishing Mr. Brown’s commission of the charged offenses. Thus the special instruction “did not suggest to the jury that the State’s mere presentation of witnesses inexorably leads to a conviction without critical examination of the evidence.”
 

 
 *432
 
 IV. THE STANDARD OF REVIEW
 

 We review the giving or withholding by a trial court of a requested jury instruction under an abuse of discretion standard.
 
 Worley v. State,
 
 848 So.2d 491, 491 (Fla. 5th DCA 2003) (citing
 
 Palmore v. State,
 
 838 So.2d 1222 (Fla. 1st DCA 2003)). However, “[w]here an instruction is confusing or misleading, prejudicial error occurs where the jury might reasonably have been misled and the instruction caused them to arrive at a conclusion that it otherwise would not have reached.”
 
 Tinker v. State,
 
 784 So.2d 1198, 1200 (Fla. 2d DCA
 
 2001)
 
 (citing
 
 Wadman v. State, 750
 
 So.2d 655, 658 (Fla. 4th DCA 1999)).
 

 V. DISCUSSION
 

 A. Introduction
 

 No reported Florida case has considered the special instruction given in this case or one similar to it. Thus it appears that the propriety of giving the special instruction is a question of first impression in Florida. To examine this question, we will begin by considering the adequacy of the standard jury instructions on this subject and the practice of reading statutes to the jury. Next, we will make a brief review of Florida’s prohibition against judicial comment on the evidence. With this background, we will examine the history and purpose of section 794.022(1), the statute on which the special instruction was based. Our examination of section 794.022(1) leads us to a detailed analysis of the two Florida decisions on which Mr. Brown relies most heavily in his argument for reversal — the
 
 Marr
 
 cases.
 
 [3]
 
 After an analysis of these decisions, we will review three cases from other jurisdictions that have considered jury instructions very similar to the special instruction used in this case. Because we decide that giving the special instruction was error, we will conclude by considering whether the error was harmless under the circumstances of Mr. Brown’s case.
 

 II. The Adequacy of the Standard Jury Instructions
 

 Of course, the special instruction at issue in this case does not appear in the Standard Jury Instructions. However, the subject of the special instruction is addressed — at least by inference — in Standard Jury Instruction 3.9 on “Weighing the Evidence.” For example, the standard jury instruction suggests that the jury consider whether “the witness’s testimony agree[s] with the other testimony and other evidence in the case.” The standard jury instruction concludes by advising the jurors: “You may rely upon your own conclusion about the witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.”
 

 “The standard jury instructions are presumed correct and are preferred over special instructions.”
 
 Stephens v. State,
 
 787 So.2d 747, 755 (Fla.2001) (citing
 
 State v. Bryan,
 
 290 So.2d 482 (Fla.1974)). However, the use of the standard jury instructions does not relieve the trial court of its obligation to determine whether the standard instructions accurately and adequately state the law.
 
 Moody v. State,
 
 359 So.2d 557, 560 (Fla. 4th DCA 1978). If the trial judge determines that the standard jury instructions are erroneous or inadequate and departs from them in instructing the jury, it is mandatory that the trial judge “state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate
 
 *433
 
 and the legal basis of the judge’s finding.” Fla. R.Crim. P. 3.985;
 
 see also State v. Hamilton,
 
 660 So.2d 1038, 1045-46 (Fla.1995) (citing
 
 Moody,
 
 359 So.2d at 560);
 
 Holt v. State,
 
 987 So.2d 237, 240 (Fla. 1st DCA 2008).
 

 Here, the trial judge did not specifically address the adequacy of the standard jury instructions on the question of whether the victim’s testimony was required to be corroborated in a prosecution for sexual battery. The trial judge appears to have assumed either that Standard Jury Instruction 3.9 on “Weighing the Evidence” did not address the subject of the corroboration of witness testimony or that it was inadequate on that subject. The trial judge’s stated reasons for giving the instruction were that the defense had put the question of corroboration at issue and that the instruction, which was taken directly from the statute, was an accurate statement of the law.
 
 [4]
 

 C. Reading the Statute
 

 Except for the substitution of the name of the crime for the statute number, reading the special instruction amounted to reading section 794.022(1) to the jury. We note that “[rjeading a statute to the jury as an instruction is not necessarily erroneous.”
 
 Ruskin v. Travelers Ins. Co.,
 
 125 So.2d 766, 769 (Fla. 2d DCA 1960). However, “a charge taken from a statute must be justified by the evidence; it must be pertinent to the case; it must be confined to the issues in the case; and it must not mislead the jurors.”
 
 Id.
 
 The giving of an instruction — even one taken directly from a statute — that violates these basic safeguards may result in reversible error.
 
 See id.
 
 at 770. In this case, our task is to determine whether the special instruction based directly on section 794.011(2) had the potential to mislead the jurors or was otherwise improper.
 

 D. Commenting on the Evidence
 

 At trial, defense counsel’s primary objection to the instruction was that the absence of any evidence to corroborate the sisters’ testimony was a matter for argument by counsel rather than a subject for comment by the trial court. Florida has traditionally discouraged judicial comment on the evidence by the judge to the jury.
 
 Walker v. State,
 
 896 So.2d 712, 721 (Fla.2005) (Anstead, J., dissenting);
 
 Raulerson v. State,
 
 102 So.2d 281, 285 (Fla.1958). More than one hundred years ago, the Supreme Court of Florida outlined the basis of the prohibition of such judicial commentary:
 

 [G]reat care should always be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to what view he takes of the case, or that intimates his opinion as to the weight, character, or credibility of any evidence adduced. All matters of fact, and all testimony adduced, should be left to the deliberate, independent, voluntary, and unbiased judgment of the jury, wholly uninfluenced by any instruction, remarks, or intimation, either in express terms or by innuendo, from the judge, from which his view of such matters may be discerned. Any other course deprives the accused of his right to trial by jury, and is erroneous.
 

 Lester v. State,
 
 37 Fla. 382, 20 So. 232, 234 (1896). A breach of the prohibition
 
 *434
 
 against judicial commentary on the evidence tends to destroy the impartiality of the trial to which a litigant or an accused is entitled.
 
 Hamilton v. State,
 
 109 So.2d 422, 424-25 (Fla. 3d DCA 1959).
 

 Florida’s prohibition of judicial comment on the evidence has been codified in section 90.106, Florida Statutes (2007).
 
 Vaughn v. Progressive Cas. Ins. Co.,
 
 907 So.2d 1248, 1254 (Fla. 5th DCA 2005). Section 90.106 provides: “A judge may not sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused.” The Florida courts have determined that various jury instructions that amounted to judicial comment on the evidence violate the statute and thus are impermissible.
 
 See, e.g., Fenelon v. State,
 
 594 So.2d 292 (Fla.1992) (finding that instructing the jury that flight by the accused may be one of a series of circumstances from which guilt may be inferred was an improper comment on the evidence and directing that the instruction should not be given);
 
 Whitfield v. State,
 
 452 So.2d 548 (Fla.1984) (finding that instructing the jury that the accused’s refusal to submit to fingerprinting was a circumstance from which consciousness of guilt could be inferred was an impermissible comment on the evidence).
 

 E. The History and Purpose of Section 794.022(1)
 

 The content of section 794.022(1) originated in 1974 as part of the legislation eliminating the crime of rape and replacing it with the new offense of sexual battery. Ch. 74-121, Laws of Fla.
 
 See generally
 
 E. Sue Bernie, Note,
 
 Florida’s Sexual Battery Statute: Significant Reform but Bias against the Victim Still Prevails,
 
 30 U. Fla. L.Rev. 419 (1978) (discussing the legislation and its background in detail). The new statute also provided that “[t]he testimony of the victim need not be corroborated in prosecutions under [the Sexual Battery statute]; however, the court may instruct the jury with respect to the weight and quality of the evidence.” This provision originally appeared in the 1974 Laws as section 794.011(5), but was renumbered in the bound volume of the Florida Statutes as section 794.022(1), its current designation. Ch. 74-121, § 2, at 372, Laws of Fla.; § 794.022(1), Fla. Stat. (Supp.1974).
 
 [5]
 
 The purpose of the enactment of section 794.022(1) was to eliminate a judicially created corroboration requirement for a rape or sexual battery conviction based on the lack of evidentiary weight.
 
 [6]
 

 See Tibbs v. State,
 
 397 So.2d 1120, 1129 n. 3 (Fla.1981) (Sundberg, C.J., concurring in part and dissenting in part);
 
 Anderson v. State,
 
 549 So.2d 807, 814 (Fla. 5th DCA 1989) (Cowart, J., dissenting).
 

 When section 794.022(1) was enacted, the Standard Jury Instructions on Rape (section 794.01, Florida Statutes, now repealed) included the following instruction:
 

 If the testimony of the female is not supported by other evidence!,] her testimony should be rigidly examined, especially as it related to the nature and extent of the force used and as it related to the question of whether or not consent was ever finally given....
 

 See Marr I,
 
 470 So.2d at 711 n. 11. This instruction was omitted from the standard jury instructions in 1976.
 
 Id.
 
 Despite the
 
 *435
 
 omission of this instruction from the standard instruction, some defense attorneys continued to include it or some version of it in their requested jury instructions in prosecutions for the new offense of sexual battery.
 
 See, e.g., id.
 
 at 706-07.
 

 In 1983, section 794.022(1) was amended to delete the clause authorizing the trial court to “instruct the jury with respect to the weight and quality of the evidence.” Ch. 83-258, § 1, at 1315, Laws of Fla. It has been suggested that the deletion of the portion of section 794.022(1) authorizing trial courts to “instruct the jury with respect to the weight and quality of the evidence” was an attempt to bar trial judges from using the portion of the former standard jury instruction requiring a rigid examination of the uncorroborated testimony of the victim in a prosecution for sexual battery.
 
 Marr I,
 
 470 So.2d at 713 n. 1 (Ervin, C.J., dissenting) (referring to “[t]he staff report of the Judiciary Committee, House of Representatives on HB 348, which led to the passage of Chapter 83-258”). Thus it is reasonable to conclude that the 1983 amendment resulting in the current version of section 794.022(1) was intended to prohibit — not to promote — judicial comment on the weight and quality of the victim’s testimony in prosecutions for sexual battery.
 

 F. Marr I and Mair II: The Cases Relied on by Mr. Brown
 

 In
 
 Marr I
 
 and
 
 Marr II,
 
 the First District and the Supreme Court of Florida, respectively, considered a jury instruction analogous to the instruction under review here.
 
 Marr I
 
 and
 
 Marr II
 
 were decided after the adoption of section 90.106 and the 1983 amendment to section 794.022(1). For these reasons,
 
 Marr I
 
 and
 
 Marr II
 
 merit close examination.
 

 Mr. Marr was prosecuted for sexual battery.
 
 Marr I,
 
 470 So.2d at 704. He requested the following jury instruction: “In a case of this kind where no other person was an immediate witness to the alleged act, the testimony of the prosecutrix should be rigidly scrutinized.”
 
 Id.
 
 at 708. The trial court denied the requested instruction on the ground that the subject of the instruction was covered by the standard jury instructions on judging the credibility of witnesses.
 
 [7]
 

 Id.
 

 The jury convicted Mr. Marr of sexual battery. On appeal to the First District, he argued that the trial court had erred in refusing to give the requested instruction.
 
 Id.
 
 A panel of the First District agreed and decided to reverse the judgment and sentence on account of the trial court’s denial of the requested instruction.
 
 Id.
 
 at 706-07.
 

 On rehearing en banc, a majority of the full court disapproved the panel decision on the jury instruction issue and affirmed Mr. Marr’s judgment and sentence.
 
 Id.
 
 at 708. The en banc majority specifically noted that the trial court had given the standard instruction that is now designated as Standard Jury Instruction 3.9 on “Weighing the Evidence.”
 
 Id.
 
 Concerning this instruction, the en banc majority said:
 

 The foregoing instruction is applicable to testimony of victims, male or female, of a sex crime or any other crime whether or not their testimony is corroborated. It is sufficient in this case. The instruction requested by defendant below, singling out the prosecutrix in a rape case for judicial comment on the
 
 *436
 
 credibility of her testimony, is plainly erroneous and not the law of this state.
 

 Id.
 
 at 708-09. In reaching this conclusion, the en banc majority relied on section 90.106.
 
 Id.
 
 at 711. In addition, the en banc majority specifically noted that the 1983 amendment to section 794.022(1) had deleted the authorization to the trial court to instruct the jury on the weight and quality of the evidence in a prosecution for sexual battery.
 
 Id.
 
 at 711 n. 11. Finally, the en banc majority certified a question to the Supreme Court of Florida concerning whether the trial court erred in refusing to give the requested instruction.
 
 Id.
 
 at 712.
 

 The Supreme Court of Florida answered the certified question in the negative and held that the instruction should not be used in sexual battery cases.
 
 Mart II,
 
 494 So.2d at 1140. The court declared that the requested jury instruction, “which singles out the testimony of a sexual battery victim as somehow deserving more rigid scrutiny by a jury than other witnesses’ or victims’ testimony, should no longer play a role in Florida jurisprudence.”
 
 Id.
 
 at 1142. The court explained:
 

 [W]e can discern no unique reason why those accused of sexual battery should occupy a status different from those accused of any other crime where the ultimate factual issue at trial pivots on the word of the victim against the word of the accused.
 

 The standard instruction given by the trial court in this case was adequate, giving guidance to the jury without im-permissibly commenting on the weight to be given the evidence or the credibility of any witness. Counsel for both the state and the defense in their opening statements and closing arguments made it explicitly clear to the jury that this case turned totally on whether the jury believed the victim’s testimony. In essence, both parties asked the jury to “rigidly scrutinize” the testimony of the prosecutrix. This is a proper
 
 argument
 
 from counsel; it would not be proper had the same statements come from the bench clothed as principles of law.
 

 Id.
 
 (footnote omitted.) Thus under
 
 Mart-1
 
 and
 
 Mart II,
 
 comments on the weight of the evidence and the credibility of witnesses in sexual battery cases are the proper subject of argument by counsel, but such comments may not be delivered from the bench.
 

 G. Authority fi'om Other Jurisdictions
 

 As we noted previously, no reported Florida case has considered a similar instruction. However, courts in other jurisdictions have considered instructions similar to the special instruction at issue in Mr. Brown’s case. Thus we turn now to a review of some of these cases.
 

 In
 
 Ludy v. State,
 
 784 N.E.2d 459 (Ind.2003), the Supreme Court of Indiana considered the propriety of a jury instruction similar to the instruction at issue in this case. The conduct for which the defendant in
 
 Ludy
 
 was tried concerned an assault by several jail inmates on another inmate.
 
 Id.
 
 at 462. At trial, the victim testified that during the assault, his pants were removed, he was held head down in a toilet, and the defendant inserted a bottle up the victim’s rectum.
 
 Id.
 
 The defendant was convicted of criminal deviate conduct, criminal confinement, and two counts of battery.
 

 Over a defense objection, the trial court gave the following jury instruction:
 

 A conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt.
 

 Id.
 
 at 460. At trial, defense counsel objected to the instruction on the ground “that it is ‘an appellate standard ... rath
 
 *437
 
 er than something that the jury needs to be instructed about.’ ”
 
 Id.
 
 On appeal, the Indiana Court of Appeals affirmed the convictions.
 

 On further review, the Indiana Supreme Court held that giving the instruction was error and overruled a number of prior inconsistent decisions.
 
 Id.
 
 at 462. The
 
 Ludy
 
 court explained its decision as follows:
 

 The challenged instruction is problematic for at least three reasons. First, it unfairly focuses the jury’s attention on and highlights a single witness’s testimony. Second, it presents a concept used in appellate review that is irrelevant to a jury’s function as fact-finder. Third, by using the technical term “uncorroborated,” the instruction may mislead or confuse the jury.
 

 Instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved....
 

 When reviewing appellate claims that the evidence is insufficient to support the judgment, reviewing courts frequently confront cases in which most or all of the facts favorable to the judgment derive from the testimony of a single person, often the victim of the crime. In discussing this issue, our appellate opinions observe that a conviction may rest upon the uncorroborated testimony of the victim.
 

 But a trial court jury is not reviewing whether a conviction is supported. It is determining in the first instance whether the State proved beyond a reasonable doubt that a defendant committed a charged crime. In performing this fact-finding function, the jury must consider
 
 all
 
 the evidence presented at trial. To expressly direct a jury that it may find guilt based on the uncorroborated testimony of a single person is to invite it to violate its obligation to consider all the evidence.
 

 [[Image here]]
 

 In addition, the meaning of the legal term “uncorroborated” in this instruction is likely not self-evident to the lay juror. Jurors may interpret this instruction to mean that baseless testimony should be given credit and that they should ignore inconsistencies, accept without question the witness’s testimony, and ignore evidence that conflicts with the witness’s version of events. Use of the word “uncorroborated” without a definition renders this instruction confusing, misleading, and of dubious efficacy.
 

 Id.
 
 at 461-62 (citations omitted). Although the
 
 Ludy
 
 court determined the giving of the instruction to be error, it affirmed the defendant’s convictions because the error did not affect his substantial rights.
 
 Id.
 
 at 463. The court reasoned that the testimony of the victim was not uncorroborated because “aside from the victim’s testimony there was substantial probative evidence establishing the elements of the charged offenses.”
 
 Id.
 

 In
 
 Veteto v. State,
 
 8 S.W.3d 805 (Tex.Ct.App.2000),
 
 abrogated on other grounds by State v. Crook,
 
 248 S.W.3d 172 (Tex.Crim.App.2008), a Texas appellate court considered a similar instruction. In
 
 Veteto,
 
 the defendant was charged with three counts of aggravated assault on A.L., an eight-year-old child.
 
 Id.
 
 at 808-09. There were no witnesses to the incidents. On appeal, the defendant argued that the following portion of the trial court’s charge to the jury improperly commented on the weight of the evidence:
 

 The law provides the testimony of the victim alone, if believed by you beyond a reasonable doubt, need not be supported by other evidence before a finding of guilt can be returned. That is to say,
 
 *438
 
 the testimony of [A.L.], standing alone, if believed by you beyond a reasonable doubt, is sufficient proof to support a finding of guilt.
 

 Id.
 
 at 816. The Texas Court of Appeals agreed with the defendant that the jury charge was an improper comment on the weight of the evidence. The Texas court observed:
 

 Although an accurate statement of the law, we agree with Veteto that the charge still had the force and effect of an instruction that a conviction could be had only on A.L.’s testimony; it singled out her testimony.... [T]he jury charge here is a comment on the weight of the evidence which is improper.
 

 Id.
 
 (citation omitted). Notably, Texas, like Florida, has a statutory provision authorizing the conviction of the perpetrator of a sexual assault on the uncorroborated testimony of the victim under certain circumstances.
 
 Id.
 

 In
 
 State v. Zimmerman,
 
 130 Wash.App. 170, 121 P.3d 1216 (2005),
 
 petition for review granted and remanded for reconsideration on other grounds,
 
 157 Wash.2d 1012, 138 P.3d 113 (2006), the defendant was charged and convicted of one count of first-degree child molestation.
 
 Id.
 
 at 1217. The trial court instructed the jury as follows: “In order to convict a person of the crime of child molestation, as defined in these instructions, it is not necessary that the testimony of the alleged victim be corroborated.”
 
 Id.
 
 at 1218. In
 
 Zimmerman,
 
 as in this case, the trial court’s instruction mirrored a state statute.
 
 Id.
 
 at 1222.
 

 On appeal, the defendant argued that the instruction amounted to an improper comment on the evidence.
 
 Id.
 
 at 1217. Based on controlling precedent from the Supreme Court of Washington, the
 
 Zimmerman
 
 court held that the instruction correctly stated the law and was not an improper comment on the evidence.
 
 Id,,
 
 at 1222. However, the court observed that the Washington Pattern Criminal Jury Instructions do not contain the challenged corroboration instruction. The
 
 Zimmerman
 
 court also noted that the Washington Supreme Court Committee on Jury Instructions “recommends
 
 against
 
 such an instruction.”
 
 Id.
 
 The court quoted the Committee’s recommendation:
 

 The matter of corroboration is really a matter of sufficiency of the evidence. An instruction on this subject would be a negative instruction. The proving or disproving of such a charge is a factual problem, not a legal problem. Whether a jury can or should accept the uncorroborated testimony of the prosecuting witness or the uncorroborated testimony of the defendant is best left to argument of counsel.
 

 Id.
 
 at 1222-23. Declaring that it shared the Committee’s misgivings about a corroboration instruction, the
 
 Zimmerman
 
 court said that it was bound by controlling precedent to hold that it was not reversible error to give such an instruction.
 
 Id.
 
 at 1223.
 

 H. Analysis
 

 The instruction at issue in
 
 Marr I
 
 and
 
 Marr II
 
 was requested by the defense. In Mr. Brown’s case — as in
 
 Ludy, Veteto,
 
 and
 
 Zimmerman
 
 — the prosecution requested and was the beneficiary of the instruction under review. For this reason, these cases may be viewed as the “flip side” of the
 
 Marr
 
 cases. However, the analysis of the
 
 Ludy
 
 court, the
 
 Veteto
 
 court, and the Washington Supreme Court Committee on Jury Instructions as quoted in
 
 Zimmerman
 
 is consistent with the analysis in Mart / and
 
 Marr II
 
 on the issue of whether the challenged instructions constitute an improper judicial comment on the evidence. As both
 
 Marr I
 
 and
 
 Marr II
 
 teach, a jury instruction such as the one
 
 *439
 
 under review that singles out the testimony of one witness for particular comment constitutes an impermissible comment on the evidence.
 
 Marr I,
 
 470 So.2d at 708-09;
 
 Marr II,
 
 494 So.2d at 1142. Moreover, Standard Jury Instruction 3.9 on “Weighing the Evidence” is adequate to guide the jury on the issue of the corroboration of witness testimony.
 
 Marr I,
 
 470 So.2d at 708-09;
 
 Marr II,
 
 494 So.2d at 1142. For these reasons, we agree with Mr. Brown that the special instruction constitutes an improper comment on the evidence.
 

 We also conclude that the special instruction is likely to confuse and to mislead the jury. Granted, the requested instruction is a correct statement of the law. However, the history of section 794.022(1) reveals that the statute was directed at the appellate review of the sufficiency of the evidence in sexual battery cases. This consideration is entirely separate from the question of whether a jury should accept the uncorroborated testimony of the victim in the trial of a sexual battery prosecution. It follows that reading the statute to the jury is unwarranted and unnecessary. Finally, we agree with the
 
 Ludy
 
 court that telling the jury that a particular witness’s testimony does not need to be corroborated without further explanation is likely to mislead the jury.
 

 For these reasons, we hold that the trial court erred in giving the special instruction over Mr. Brown’s timely objection. This conclusion requires us to consider the question of whether or not the error was harmful.
 

 I. Harmless Error Analysis
 

 Unlike the
 
 Ludy
 
 case, the testimony of the victims in this case was uncorroborated. There were no other witnesses to the acts of which Mr. Brown was accused. Neither of the two sisters had made any contemporaneous complaints about the alleged abuse. There was no physical evidence. The State did not present any evidence of any admissions by Mr. Brown or any collateral crimes evidence.
 

 Under these circumstances, the defense’s strongest arguments for verdicts of not guilty arose from the uncorroborated nature of the sisters’ testimony, the absence of any contemporaneous complaints, and the questions raised by the lapse of almost twenty years between the end of the alleged sexual abuse and the sisters’ reports about it to law enforcement officials. The special instruction — which the trial court read to the jury twice — undermined these arguments. Defense counsel did not exaggerate when he said — as part of his objection — that the jury could interpret the special instruction as a judicial direction to convict Mr. Brown.
 

 In addition, the prosecutor used the special instruction to counter defense counsel’s arguments. After defense counsel had completed his closing argument, the prosecutor told the jury in rebuttal:
 

 The reason we have this instruction, that the testimony of the victim need not be corroborated in a prosecution for sexual battery [,] is for situations where these crimes were committed in secret and the disclosure is not made for a great period of time.
 

 As we have seen, the prosecutor’s statement about the reason for the statute-based instruction was inaccurate as legislative history. More important, the prosecutor’s comments implied to the jury that the law discounted the need for corroboration of the victim’s testimony “where ... the disclosure is not made for a great period of time.” But the absence of any corroboration of charges of extremely serious crimes that went unreported by two victims for more than twenty years was certainly a proper subject for the jury to consider in
 
 *440
 
 reaching its verdicts.- The prosecutor’s misleading comments based on the special instruction were prejudicial to the defense. Under these circumstances, the State cannot demonstrate beyond a reasonable doubt that the error in giving the special instruction did not contribute to the verdicts.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1138 (Fla.1986).
 

 VI. CONCLUSION
 

 For the foregoing reasons, we reverse Mr. Brown’s judgments and sentences and remand for a new trial.
 

 Reversed and remanded for a new trial.
 

 LaROSE and KHOUZAM, JJ., Concur.
 

 [1]
 

 . The offenses were alleged to have occurred on unspecified dates between January 1, 1983, and August 1, 1987. The 1982 version of the statute provided: "A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger....” The words "11 years of age or younger” were replaced by "less than 12 years of age” effective October 1, 1984.
 
 See
 
 ch. 84-86, § 1, at 262, Laws of Fla. In all other respects, the statute remained unchanged during all pertinent periods in this case.
 

 [2]
 

 . In accordance with section 775.082(1), Florida Statutes, as it provided between 1982 and 1987, Mr. Brown is required to serve no less than twenty-five years on each sentence before he will be eligible for parole.
 

 [3]
 

 .
 
 Marr v. State (Marr I),
 
 470 So.2d 703 (Fla. 1st DCA 1985) (en banc),
 
 approved, Marr v. State (Marr II),
 
 494 So.2d 1139 (Fla.1986).
 

 [4]
 

 . Mr. Brown has not argued that the trial judge failed to comply with rule 3.985. Therefore, we need not decide whether the trial judge’s remarks on the record were sufficient to comply with the rule.
 

 [5]
 

 . Section 794.022 in the 1974 supplement contains an erroneous reference to section 794.021 (ignorance of victim’s age no defense). This was corrected in the 1975 version of the statute.
 

 [6]
 

 . For an example of a decision imposing such a requirement, see
 
 Smith v. State,
 
 239 So.2d 284 (Fla. 2d DCA 1970),
 
 quashed,
 
 249 So.2d 16 (Fla.1971).
 

 [7]
 

 . These instructions now form the first part of Standard Jury Instruction 3.9 on "Weighing the Evidence.”