BERGER, J.
Rafael Alexander Gutierrez appeals the judgment and sentence entered after a jury found him guilty of sexual battery, pursuant to section 794.011(5), Florida Statutes (2010). He raises three issues on appeal, only one of which merits discussion. Gutierrez argues the trial court erred when it granted the State’s request for a special jury instruction informing the jury that a sexual battery victim’s testimony need not be corroborated. While we agree it was error to give the instruction, based on the specific facts of this case, we find the error was harmless and affirm.
Gutierrez was charged with one count of sexual battery not likely to cause injury after the victim complained to detectives that she had been vaginally raped by him in the front seat of her car.
On the night of January 27, 2010, the victim arrived for work at the Caliente Lounge around 10:00 p.m. Gutierrez, a regular patron at the bar, was already there. On that particular evening, the victim consumed approximately five or six beers over the course of her shift. She left around 2:15 a.m. while Gutierrez was still at the bar. When the victim attempted to drive herself home, she hit the sidewalk with her car. Gutierrez then offered to drive her home. She accepted Gutierrez’s offer and the two departed for the victim’s home in her car. Gutierrez drove while the victim rode in the front passenger seat. However, instead of driving her home, Gutierrez drove to an unknown apartment complex and informed her they were stopping to see a friend. When Gutierrez parked the car, he told the victim he wanted to talk with her “for a while.” After listening to Gutierrez complain about his relationship with her boss, the victim called him a “stupid idiot.” Gutierrez responded by grabbing the victim’s hands. The two began to struggle inside the victim’s vehicle, at which time Gutierrez moved from the driver’s seat to the front passenger seat where the victim was sitting. According to the victim, Gutierrez grabbed her wrists with one hand, and tried to grab at her breast and pull down her pants with the other. In defense, the victim tried to scream, but Gutierrez covered her mouth to stop her. During the struggle, Gutierrez was able to pull both his and the victim’s pants down to just above the knee. Thereafter, Gutierrez had vaginal intercourse with the victim, without wearing a condom, and ejaculated. During the struggle, the victim continually told Gutierrez to stop, but he did not. Afterward, Gutierrez told her not to tell anyone about the incident, which the victim agreed to do because Gutierrez still had possession of her car keys.
Gutierrez then exited the victim’s car and went to sleep in his own vehicle, which his friend had parked in an adjacent spot. He took the victim’s car keys with him. The victim slept in her own car because Gutierrez would not give her car keys back, telling her that she still could not drive. After waking the next morning, the victim went to Gutierrez’s vehicle to re *1127 trieve her keys. Gutierrez agreed to show her the way out of the complex, but the two were separated when Gutierrez drove away quickly. After managing to find her way home, the victim reported back to the Caliente Lounge later that night for her regularly scheduled shift. She expected to see Gutierrez at the bar in hopes that she could call the police to report the incident while he was there, but he never came in. The victim went to work the following night hoping to catch him, but again, Gutierrez never showed. On the third day after the incident took place, the victim told her manager what had occurred. She went to the hospital and the police were contacted. As part of the investigation, the police transported the victim to a clinic where a sexual assault nurse examiner conducted a head-to-toe physical and vaginal examination.
At trial, the sexual assault nurse examiner testified that during her examination, the victim presented the following: red surface area markings on her right breast; left breast tenderness; bruising on her right thigh; scratches above her navel and on her back; tenderness of her hip joints and left thigh; and a swollen and bruised left hand. Moreover, Alvarez’s vaginal examination revealed tenderness throughout the entire area, as well as an abrasion below the entrance to the vagina. While describing the injuries, the nurse examiner explained that when an individual engages in consensual sex, the body reacts in a manner where injuries are less likely to occur. However, she also explained that injuries can occur even when sexual intercourse is consensual. Vaginal swabs were taken during the examination by the nurse examiner for DNA comparison purposes. At trial, the parties stipulated that the DNA collected matched Gutierrez’s DNA profile. The defense did not present any witness testimony.
During the charge conference, the State, arguing Gutierrez opened the door, requested and received the following special jury instruction: “The testimony of the victim need not be corroborated in a prosecution for sexual battery.” Gutierrez was convicted of one count of sexual battery. He was adjudicated guilty of the crime and sentenced to 7.9 years in prison. This appeal followed.
 We review the grant or denial of a jury instruction by the trial court for an abuse of discretion. Worley v. State, 848 So.2d 491, 491 (Fla. 5th DCA 2003) (citing Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003)). While a trial court generally has wide discretion in instructing a jury, the Florida Supreme Court has also acknowledged that the use of a standard jury instruction is preferred if it adequately explains the law. See Carpenter v. State, 785 So.2d 1182, 1199-1200 (Fla.2001) (internal citations omitted). Thus, reversible error can occur when a trial court gives a non-standard jury instruction that could potentially mislead a jury. Id. at 1200.
Defense counsel objected to the proposed instruction, arguing that such an instruction did not appear in the standard jury instructions approved by the Florida Supreme Court and, further, that the proposed instruction would mislead the jury into believing it did not have to weigh the credibility of the victim’s testimony. It was Gutierrez’s belief that the standard jury instruction on weighing any witness’ credibility was sufficient to guide the jury.[1]
*1128 The trial judge initially indicated that he was not inclined to give the instruction. However, when the State argued that the requested special instruction used the exact statutory language from section 794.022(1), Florida Statutes (2010), and that Gutierrez opened the door by asserting in opening statement that there would be no corroborating evidence presented in the case, the trial judge opted, instead, to give the instruction. The judge determined that Gutierrez had argued lack of corroboration in his opening statement and that the statute appeared to apply to Gutierrez’s case. Furthermore, in addressing defense counsel’s continued concern that the proposed instruction could prevent the jury from properly assessing whether or not the victim’s testimony matched the other witness’ testimony, the trial judge stated:
And I think you’ll argue that, but — you did argue that — in your opening that there wouldn’t be any corroboration and that there would be issues of credibility between defendant’s version of consent, perhaps if he testifies, and her version of lack of consent. So if there’s a statute that specifically says the testimony of the victim need not be corroborated in a prosecution for sexual battery, why shouldn’t they be entitled to that instruction?
Defense counsel then stated she was also concerned that a stand-alone instruction reciting the statute would unnecessarily emphasize the victim’s testimony. The trial judge agreed and decided not to give a stand-alone instruction. Instead, the court included the language in the list of factors found in Florida Standard Jury Instruction (Criminal) 3.9 Weighing the Evidence.[2] Defense counsel then renewed her objection to the insertion of the statutory language into the standard jury instruction.
On appeal, Gutierrez renews his earlier contention that it was improper for the trial judge to include the “no corroboration” instruction as it unnecessarily emphasized the victim’s testimony as deserving of special treatment. Gutierrez further argues that in light of existing Florida case law, the inclusion of such an instruction was reversible error. The State argues that it was within the trial court’s discretion to include the instruction and that existing case law on this issue is distinguishable from the instant appeal.
The permissibility of a special “no corroboration” jury instruction rooted in the language of section 794.022(1) was recently addressed in Brown v. State, 11 So.3d 428, 431 (Fla. 2d DCA 2009). Similar to this case, the special instruction reviewed in Brown involved the verbatim use of the statutory language in section 794.022(1). And, the reasons provided by the trial judge for including the special instruction were identical to the two reasons articulated by the trial judge in the instant case— that the defense had put the question of corroboration at issue and that the instruction was an accurate statement of law. Id. at 433. In Brown, the second district determined that the special instruction, which informed the jury that a victim’s testimony need not be corroborated in a prosecution for sexual battery, constituted an improper comment on the evidence and was likely to confuse and mislead the jury. Id. at 439. The court recognized that the special instruction provided a correct *1129 statement of the law. However, it concluded the history of section 794.022(1) revealed that the statute was directed at the appellate review of the sufficiency of evidence, not the question of whether a jury should accept the uncorroborated testimony of a victim in a sexual battery prosecution. Id.
In Brown, the defendant was charged with committing sexual battery against two sisters. The crimes were alleged to have occurred sometime between 1983 and 1987, but were not reported until 2006. Id. at 430. At trial, the State presented the testimony of the two sisters, who detailed the four and a half years of sexual abuse they claimed to have experienced at the hands of Brown, as well as the testimony of the detective who took their statements. Id. Although the testimony of each sister reinforced the testimony of the other, their accounts were not supported by any other evidence, a fact defense counsel noted during opening statement and cross examination. Based on defense counsel’s comments, the State requested the following special jury instruction based on section 794.022(1), Florida Statutes: “The testimony of the victim need not be corroborated in a prosecution for sexual battery.” Id. at 430-31.
Over objection,[3] the trial court determined that Brown’s counsel had put the uncorroborated nature of the sisters’ testimony at issue and, because it was a correct statement of the law, agreed to give the instruction. The language in the special instruction was then added to the end of the standard sexual battery jury instruction and, because there were two victims, it was read to the jury twice. On appeal, Brown argued that the special instruction was an improper comment on the evidence and “constituted judicial approval of a crucial State argument.” Id. at 431. The second district agreed and, using the Florida Supreme Court’s holding in Marr v. State, 494 So.2d 1139 (Fla.1986), as its primary basis for determining it was error to give the instruction, reversed Brown’s conviction and ordered a new trial after concluding the error was not harmless. Id. at 440.
The instruction in Marr, however, was quite different than the instruction requested in this case and in Brown. In Marr, the defendant was charged and convicted of sexual battery by oral penetration, pursuant to section 794.011(3), Florida Statutes (1983). 494 So.2d at 1139. The only evidence produced by the State at trial was the testimony of the victim. At trial, the defendant denied the sexual battery and requested the jury be given the following instruction: “In a case where no other person was an immediate witness to the alleged act, the testimony of the prosecutrix should be rigidly scrutinized.” [4] Id. at 1140-41. The trial court *1130 denied the request and, instead, gave the standard instruction on weighing the evidence. Id. at 1141.
On appeal, the Florida Supreme Court determined that the standard instruction given by the trial court was adequate to guide the jury without impermissibly commenting on the evidence or the credibility of any witness. Id. at 1142. Recognizing the well settled law that no corroborative evidence is required in a rape case when the victim is available to testify and can identify her accuser, the Court specifically held that:
[A] jury instruction such as the one requested, which singles out the testimony of a sexual battery victim as somehow deserving more rigid scrutiny by a jury than other witnesses’ or victims’ testimony, should no longer play a role in Florida jurisprudence. The full panoply of due process rights exists to protect each criminal defendant from an unwarranted conviction. Appellate courts, as always, are available to ensure that a conviction of any crime is supported by sufficient evidence. But we can discern no unique reason why those accused of sexual battery should occupy a status different from those accused of any other crime where the ultimate factual issue at trial pivots on the word of the victim against the word of the accused.

Id.

Although the Brown court held that a special “no corroboration” instruction was reversible error based on Marr and decisions from other jurisdictions that have considered the issue,[5] several states have long adhered to precedent stating that a “no corroboration” instruction is permissible in sexual battery cases. See People v. Gammage, 2 Cal.4th 693, 7 Cal.Rptr.2d 541, 828 P.2d 682, 687 (1992) (holding that a “no corroboration” instruction is a correct statement of California law in sexual offense cases and that the instruction, when examined as a whole with all of the others, strikes a balance between the rights of both the defendant and the complaining witness); Stallworth v. State, 150 Ga.App. 766, 258 S.E.2d 611, 612 (1979) (stating that the trial court properly instructed the jury on the issue of corroboration in light of the fact that Georgia law does not require corroboration of victim’s testimony in rape cases); People v. Smith, 149 Mich.App. 189, 385 N.W.2d 654, 657 (1986) (stating that the trial court properly instructed jury it could convict defendant of criminal sexual conduct on basis of complainant’s uncorroborated testimony, where defense counsel argued that, due to strength of defendant’s alibi defense, jury should insist upon some corroborating evidence); Gaxiola v. State, 121 Nev. 638, 119 P.3d 1225, 1233 (2005) (finding that a “no corroboration” jury instruction did not unduly focus the jury’s attention on the victim’s testimony and was therefore an appropriate basis for a jury’s decision if the victim’s uncorroborated testimony estab *1131 lishes all of the material elements of the crime).
While we disfavor the instruction because the standard instructions are generally sufficient to guide the jury, we decline to adopt a hard and fast rule that it is always error to give a special “no corroboration” instruction in sexual battery cases. We caution, however, that such an instruction should rarely be given, and only in very limited circumstances where the defendant’s argument suggests the jury must require corroboration.[6] See Smith, 385 N.W.2d at 657. Such was not the case here.
The State requested the special instruction based on the following comment by defense counsel during opening statements: “You’re not going to hear from any eyewitnesses. You’re not going to hear from anybody to say that her story was corroborated from seeing it ....” The purpose of an opening statement is to outline what an attorney expects to be established by the evidence. Gonzalez v. State, 990 So.2d 1017, 1024-25 (Fla.2008). Defense counsel’s statement was correct, as there were no eyewitnesses to the crime. Furthermore, it did not constitute an improper argument or in any way suggest to the jury that they require an eyewitness. Indeed, a closer look at the entirety of defense counsel’s brief opening statement confirms that nothing improper was argued. Accordingly, it was error to give the special “no corroboration” instruction in this case. We now must consider whether the error was harmless.
The harmless error test places the burden on the State to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Application of the test requires an examination of the entire record including a close examination of the permissible evidence on which the jury could have legitimately relied and, in addition, an even closer examination of the impermissible evidence, here the improper jury instruction, which might have possibly influenced the jury verdict. See id. Utilizing this standard, we find the error was harmless.
Unlike Brown, the victim’s testimony in this case was not completely uncorroborated.[7] Although there were no eyewitnesses, there was DNA evidence obtained from the vaginal swab that matched Gutierrez, as well as testimony from a sexual assault nurse and photographs of the victim’s injuries that were consistent with the described attack.
For the foregoing reasons, we affirm the judgment and sentence. We note, however, that the judgment contains several scrivener’s errors. Specifically, the judgment lists defense counsel as “Carols [sic] Vega,” when it was Ms. Heather Past-oor, and lists “Heather Pastoor” as representing the State when in fact Mr. Jonathan Mills was the prosecutor in the case. Moreover, the judgment does not reflect that Gutierrez was convicted after a jury trial as required by the rules of criminal procedure. Accordingly, we remand with *1132 instructions to correct the aforementioned scrivener’s errors found in Gutierrez’s judgment.
AFFIRMED. REMANDED FOR CORRECTION OF SCRIVENER’S ERRORS.
PALMER, J., concurs.
EVANDER, J., concurring in part, dissenting in part, with opinion.

. The standard jury instruction to which defense counsel was referring is Florida Standard Jury Instruction (Criminal) 3.9 Weighing the Evidence. This instruction lists a minimum of five considerations a jury member should consider when weighing the credibility of trial witnesses. Additional factors are suggested and can be added into the instruction *1128 depending on their relevance to the particular issues at trial.

. The trial court inserted the requested language as item eight in the list of suggested factors a jury is to consider when weighing the credibility of a witness.

. Brown opposed the requested instruction on the basis that section 794.022(1) was only pertinent to the State's burden of proof to survive a judgment of acquittal and thus, was not a proper subject for judicial comment. Additionally, defense counsel argued the subject matter of the special instruction was adequately covered in Florida Standard Jury Instruction (Criminal) 3.9 on Weighing the Evidence. Brown, 11 So.3d at 431.

. Under the old rape statute, section 794.01, Florida Statutes (repealed, effective Oct. 1, 1974, Laws of Florida 74-121), the standard jury instruction provided:
If the testimony of the female is not supported by other evidence her testimony should be rigidly examined, especially as it related to the nature and extent of the force used and as it related to the question of whether or not consent was ever finally given.
This instruction, commonly referred to as the “Lord Hale instruction” was omitted from the standard instructions in 1976 and is not currently included in the standard jury instruc *1130 tions in criminal cases. See Marr, 494 So.2d at 1140-42.

. See Ludy v. State, 784 N.E.2d 459, 461-62 (Ind.2003) (finding that a jury instruction directing a jury that it can find guilt on uncorroborated testimony alone "invitefs] it to violate its obligation to consider all of the evidence.”); Veteto v. State, 8 S.W.3d 805, 816 (Tex.Ct.App.2000) (holding that despite a statutory provision authorizing a sexual assault conviction on uncorroborated testimony of the victim, such language as a jury instruction was an improper comment on the weight of evidence); State v. Zimmerman, 130 Wash.App. 170, 121 P.3d 1216, 1221-23 (2005) (expressing misgivings about an instruction advising the jury that an alleged victim's testimony need not be corroborated, but finding no error in giving the instruction as it was an accurate statement of the law).

. Limiting use of the instruction should avoid opening the proverbial "can of worms” suggested by the dissent.

. In Brown, there were no other witnesses to the acts of which Brown was accused. Neither of the two sisters had made any contemporaneous complaints about the alleged abuse and the crime went unreported for over twenty years. Additionally, there was no physical evidence and the State did not present any evidence of admissions by Brown or any collateral crimes evidence. 11 So.3d at 439.