CANADY, J.,
dissenting.
Because I find no direct conflict between the decision under review and Brown v. State, 11 So.3d 428 (Fla. 2d DCA 2009), I would dismiss review.
In Gutierrez, the decision under review, the district court held that it was error for the trial court to instruct the jury that in a prosecution for sexual battery “the testimony of the victim need not be corroborated.” 133 So.3d at 1127. The decision in Brown was to the same effect. The holdings of the two cases are consistent and create no express and direct conflict of decisions. The two cases differ in what the opinions say more generally about the “no corroboration” instruction. Gutierrez includes commentary to the effect that under different circumstances, the “no corroboration” instruction might be appropriate. See 133 So.2d at 1131. The court’s statements to this effect are dicta, i.e., comments not necessary to the decision. Such comments do not establish binding legal precedent[1] and therefore do not create conflict. See Ansin v. Thurston, 101 So.2d 808, 811 (Fla.1958) (“A limitation of review to decisions in ‘direct conflict’ clearly evinces a concern with decisions as precedents as opposed to adjudications of the rights of particular litigants.”); see also Ciongoli v. State, 337 So.2d 780, 781 (Fla.1976) (review discharged where “the conflicting language is mere obiter dicta”).
Even if express and direct conflict can be based on conflicting statements of law that are broader than the actual holdings of the cases, the two decisions still do not conflict because the facts of the cases are significantly different. In Brown, there was a delay of nearly twenty years between the commission of the crimes and the victims’ reporting them to the police. In light of this and other circumstances, the appellate court found that the giving of the instruction was an abuse of discretion and was harmful. In the instant case, the district court found the error in giving the instruction was harmless based on the specific circumstances of this case. In short, the cases are factually distinguishable.
On the merits, I would hold that the giving of the “no corroboration is needed” instruction in this case was not an abuse of the trial judge’s discretion under the circumstances. “The giving or withholding by a trial court of a requested jury instruction is reviewed under an abuse of discretion standard.” Worley v. State, 848 So.2d 491, 491 (Fla. 5th DCA 2003). Although it is not a standard instruction, the instrue *235 tion given was an accurate statement of the law and was justified by defense counsel’s argument suggesting to the jury that the State’s case was lacking because the victim’s statement was uncorroborated. The trial court added the brief statement to the standard instructions on weighing the evidence and did not give it special prominence. I would therefore uphold the district court’s decision by approving it in result.
POLSTON, J., concurs.

. See Henry Campbell Black, The Law of Judicial Precedents 176-77 (1912); Eugene Wambaugh, The Study of Cases 6-7 (1892).