Edith B. Morgan, Plaintiff, and Indemnity Insurance Company of North America, Respondent, *v.* Jean K. Robinson, Appellant.

First Department, February 19, 1957.

*Bernard Meyerson* of counsel (*Richards W. Hannah,* attorney), for appellant.

*Alfred S. Julien* of counsel (*Max Lourie* with him on the brief; *Louis J. Altieri,* attorney), for respondent.

McNALLY, J.  Plaintiff-respondent was awarded a verdict of $39,000 as damages for personal injuries sustained by plaintiff.  Plaintiff was seated in a station wagon between the operator, the defendant-appellant, and a Miss James.  The door to the right of Miss James opened while the station wagon was in motion; Miss James was precipitated from the car, and plaintiff, in attempting to rescue Miss James, also fell out of the car sustaining the injuries underlying the verdict.  The charge enabled the jury to find negligence on three theories: that the defendant operated the automobile at an excessive rate of speed around a curve in the road; that the defendant failed instantly to apply the brakes when the door opened; and that the defendant was knowingly operating an automobile with a defective door.

The accident eventuated en route from the theatre the occupants of the station wagon had attended.  Plaintiff's son testified that on two or three occasions prior to the occurrence he observed the defendant operating the station wagon at excessive speeds on straightaways and curves.  Plaintiff testified that during the trip to the theatre the defendant was proceeding " very fast."  It is firmly established in this State that evidence of prior similar acts is incompetent to establish the negligent

acts alleged and the failure to exclude such testimony may constitute reversible error. (*Grenadier* v. *Surface Transp. Corp.,* 271 App. Div. 460, 461.)

Defendant's omission to apply the brakes immediately after Miss James was thrown from the station wagon was not one of the acts of negligence alleged in the amended complaint or the bill of particulars. Respondent did not at any time apply for an appropriate amendment. It was prejudicial, more than nine years after the event, over objection, and without amendment of the pleadings, under the circumstances of this case, to present said omission to the jury as an independent ground for recovery. (*McCarthy* v. *Troberg,* 275 App. Div. 139, 142.)

The court properly charged the plaintiff was interested by reason of the fact that she had the pecuniary interest defined in the Workmen's Compensation Law and her testimony was to be weighed in the light of such interest. However, it was unnecessary for such purpose to state specifically the division of the recovery provided for, and such evidence might tend to prejudice the jury on the issue of damages. This is not a case involving admissible and inadmissible evidence inextricably entwined. (*Nappi* v. *Falcon Truck Renting Corp.,* 286 App. Div. 123, 127.) The likelihood of prejudice would have been obviated if the reference to the statutory division had been omitted.

Under the circumstances of this case, the evidence was wholly inadequate to establish a dangerous defective condition to the knowledge of the defendant in respect of the door in question. There was no direct evidence of the door of the station wagon in motion tending to open. Furthermore, the circumstances established were inadequate to convey notice of the alleged condition to the defendant, a female, then 18 years of age. (See *Higgins* v. *Mason,* 255 N. Y. 104, 109.) After the cause was submitted to the jury and after the jury had been deliberating for one hour, the jury addressed the following inquiry to the court: "Is the driver of the car liable to passengers for injury — falling out of door that opens — regardless of whether door is or is not defective?" It might well be the evidence concerning the condition of the door affected the result. Since it is not possible to determine, in the face of the general verdict, on what theory liability was found, the insufficiency of the evidence relating to one of the three theories requires a new trial. (*McCarthy* v. *Troberg, supra; McAndrew* v. *5905 Broadway Realty Corp.,* 282 App. Div. 757; *Sharick* v. *Marvin,* 1 A D 2d 284, 287.)

For the foregoing reasons the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., BREITEL and VALENTE, JJ., concur; BASTOW, J., concurs in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.