SHANNON, Judge.
This is an appeal from a jury verdict and' final judgment entered against the defendants below in a negligence action and compensation recoupment suit. The action involved a claim by George R. Wetzler for personal injuries sustained as a result of a highway accident involving Wetzler, and a driver for defendants. The complaint was filed by the Travelers Insurance Company, under authority of § 440.39, Florida Statutes, F.S.A., in its capacity as compensation carrier, individually, and for the use and benefit of George R. Wetzler. The case proceeded to trial by jury and resulted in a verdict for plaintiff in the amount of $45,000, upon which final judgment was entered.
The defendants have appealed and, by their brief and argument, they have posed three questions to this court, namely:
1) Did the lower court commit reversible error when it instructed the jury, over defendant’s objection, on sub-sections (3) (a),. (4) (a), and (5), of § 440.39, Florida Statutes, F.S.A.?
2) Did the trial court commit reversible-error when it failed to caution the jury to-disregard the remarks of plaintiff’s counsel when he urged the jury to return a verdict in accordance with the Christmas spirit?'
3) Did the trial court commit reversible-error by allowing the plaintiff to introduce a copy of the driver’s guilty plea to a traffic-violation when this was not covered by the pre-trial order and when this evidence took the defendants by surprise?
Considering these points in order, we-come first to the problem of the trial court’s-instruction, which is set out in the footnote.[1] *768 Here an insurance company, as compensation carrier, has brought suit for the use and benefit of an employee who was injured by a third party. In taking up the appellant’s first point, we must consider the position of this state toward workmen’s compensation as a jury issue in such a situation. Some states follow the policy that, in the case of a personal injury suit against a tort-feasor, the jury should not be concerned with workmen’s compensation to the plaintiff. See, e. g., Coleman v. Hamilton Storage Company, 1938, 235 Ala. 553, 180 So. 553; McCoy v. Carter, Ky.1959, 323 S.W.2d 210; Pattison v. Highway Insurance Underwriters, Tex.Civ.App.1955, 278 S.W.2d 207; Hardware Mutual Casualty Co. v. Harry Crow & Sons, Inc., 6 Wis.2d 396, 94 N.W. 2d 577. In other jurisdictions it is permissible to place this information before the jury, at least to a limited extent. See, e. g., Sherillo v. Stone & Webster Engineering Corp., 110 Cal.App.2d 785, 244 A.2d 70; Dockendorf v. Lakie, etc., 251 Minn. 143, 86 N.W.2d 728; Morgan v. Robinson, 3 A.D.2d 216, 159 N.Y.S.2d 639.
This court has previously considered a related question in the case of Tampa Sand and Material Co. v. Johnson, Fla.App.1958, 103 So.2d 250. There, an automobile accident case was presented to the jury and one of the jurors asked the court a question about workmen’s compensation. This issue had not arisen previously in the trial. The court then gave a somewhat involved instruction on the subject and, upon later consideration of the effect of this instruction on the jury, the court granted a new trial. On appeal, we affirmed the granting of a new trial and said at page 252:
“It was in order that the judge instruct them that the matter of work *769 men’s compensation was not an issue in the trial, that there was no evidence as to same and that they should in no wise consider the matter of workmen’s compensation. In effect the judge did so inform them, but unfortunately he did so at great length and to such an extent that they very easily may have given it undue consideration to the detriment of the proper consideration of the issues before them. As stated in some decisions the injection of some foreign or extraneous matter tends to cloud the true issues and confuse the jury.”
Workmen’s compensation is a statutory creation, and the statutes of the various states differ. It is clear, however, that under § 440.39(4) (a), Florida Statutes, F.S.A., a compensation carrier may institute a suit in its own name, under certain conditions. The case at bar originated in this manner with the Travelers Insurance Company named as plaintiff in the complaint. This being so, we find no error in apprising the jury of the insurance company’s status in the case.
Having determined that an instruction explaining the compensation carrier’s position in the case was not improper, it next remains to evaluate the instruction which is set out in the footnote below. As previously noted, the trial court read at length from the statute. Reading a statute to the jury as an instruction is not necessarily erroneous. See Davis v. Cain, 86 Fla. 18, 97 So. 305; Florida Railway Co. v. Dorsey, 59 Fla. 260, 52 So. 963, 965. The question before us, however, is more concerned with whether or not the sections read by the court were confined to the issues of the case, or whether the instruction, as a whole, served to confuse and mislead the jury.
Instructions to the jury must conform to certain safeguards. Essentially, a charge taken from a statute must be justified by the evidence; it must be pertinent to the case; it must be confined to the issues in the case; and it must not mislead the jurors. See 88 C.J.S. Trial § 337. The court had already given the jury an instruction as to the elements of damage which adequately covered pain and suffering; illness resulting from injuries; medical bills; future medical bills; future injuries to the physical system; loss of earnings; effect of permanent injuries; prospective losses in earnings; property damage; and future humiliation and embarrassment. As a result, the only reason for including a charge on workmen’s compensation would be’to enlighten the jury on the carrier’s status as plaintiff in the case.
By reading from the statute, however, the court necessarily raised many other matters, with which the jury was not concerned. To illustrate a few examples, there was no jury issue concerning the following:
1. “ * * * which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for the compensation benefits paid under the provisions of this law, * * * ”
2. “* * * such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for plaintiff’s attorney, * * * ”
3. “ * * * such proration of court costs and attorney’s fees to be made by the judge of the trial court upon application therefor and notice to adverse party * * * ”
4. “ * * * Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.”
5. " * * * and in the event suit is so instituted, shall be subrogated to *770 and entitled to retain from any judgment recovered against or settlement made with such third party, the following : All amounts paid as compensation and medical benefits under the provisions of this law * * *”
6. «* * * and present value of all future c.ompensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney’s fees expended in the prosecution of such suit, to be prorated as provided by subsection (3) of this section * * * ”
Yet these provisions were read to the jury along with the pertinent portions of the statute. In addition, while it is not necessarily reversible error to give an instruction the length of this one, the practice cannot be approved. See 53 Am.Jur., Trial, § 558.
We conclude that this instruction violates three basic safeguards, in that, 1) it is not pertinent to the case; 2) it is not confined to the issues; and, 3) it certainly misleads the jurors. This in itself constitutes reversible error.
The appellants’ second point concerns the closing argument of the plaintiff’s counsel, wherein the following language was used:
“Gentlemen, I am going to ask that when you go in there you bear in mind that we are coming forward to a very fine time of year, that the Christmas holidays are very soon upon us. I hope that you can, as a result of what you do here today, give George Wetzler and his wife and children something to be thankful for so that they will have a happy Christmas in every sense of the word * * * ”
As to the appellants’ third point, the main contention is that the evidence surprised the defendants at trial. Admittedly, the traffic conviction was not included in the pré-trial order; nor did it qualify as newly discovered evidence, for no effort was made to apprise the defendants of it prior to trial.
We have set out the gist of the second and third points of law which were urged upon us. In view of the fact that it is not necessary for us to-decide either of these two points at this time, no decision is therefore given.
Having found reversible error in the first point raised by the appellants, we will have to reverse the case for a new trial.
Reversed.
■ ALLEN, C. J., and PATTEN, GEO. L., Associate Judge, concur.

. The court’s instruction deviated from the exact wording of the statute in only minor details, and reads as follows:
“Section 440.39, Subsection (3), Compensation for injuries where third persons are liable. This is simply a part of the Workmen’s Compensation law which explains the joinder of the parties in this case.
“In actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are-claimed or paid, and such suit may be- *768 brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or the insurance carrier, as the case may be. Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the -court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for plaintiff’s attorney, such proration of •court costs and attorney’s fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.
“Subsection (4). If the injured employee or his dependents, as the ease may ■be, shall fail to bring suit against such third party-tort-feasor within one year after the cause of action thereof shall have accrued, the employer if a self-insurer, and if not, the insurance carrier, may institute suit against such third party tort-feasor either in his own name or as provided by subsection (3) of this section and in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against or settlement made with such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney’s fees expended in the prosecution of such suit, to be prorated as provided by subsection (3) of this section. The remainder of the moneys derived from such judgment or settlement to be paid to the employee or Ms dependents, as the case may be.
“ (5). In all cases under subsection (4) of this section involving third party tort-feasors, where compensation benefits under this law are paid, settlement either before or after suit is instituted shall not be made except upon agreement of the injured employee or his dependents and the employer or his insurance carrier, as the case may be.”