■ NANCY WARD et al., Appellants, v. JOHN F. THISTLETON, JR., Respondent.— In a negligence action to recover damages for personal injury, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered December 11, 1967 in defendant's favor, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. In our opinion, the cross-examination of plaintiff Willie Ward with respect to an alleged prior arrest of his wife, together with defense counsel's allusions thereto in the presence of the jury, was improper and resulted in substantial prejudice to plaintiffs (*People* v. *Whitmoyer,* 24 A D 2d 611; *People* v. *Santiago,* 15 N Y 2d 640; *Kohlmann* v. *City of New York,* 8 A D 2d 598). We are further of the opinion that the admission into evidence of a " Radiographic Request Card " containing a notation that plaintiff Nancy Ward was " Drunk " was erroneous in view of the fact that no proof was offered to show who had made the entry, whether he was under a duty to do so, what the source of his information was, and whether the entry was made in the regular course of business of the hospital (CPLR 4518, subd. [a]; *Cox* v. *State of New York,* 3 N Y 2d 693). The cumulative effect of these errors was such as to deprive plaintiffs of a fair trial. Hopkins, Acting P. J., Benjamin and Kleinfeld, JJ., concur; Martuscello, J., concurs in result, solely on the ground that the admission into evidence of the " Radiographic Request Card " was prejudicial error. Munder, J., dissents and votes to affirm the judgment, with the following memorandum: This is not a close case. The record provides ample support for the jury's verdict for defendant, particularly if based on a finding of the injured plaintiff's contributory negligence. This plaintiff testified she was struck by defendant's automobile while crossing First Avenue from the northeast corner of 23d Street [in New York City] with the traffic light green in her favor. Defendant testified he struck her near the west side of First Avenue some 50 feet past the intersection of 23d Street as he was driving north with the light green in his favor. An independent witness, who was standing on the southwest corner and who identified himself to police at the scene, testified he was waiting for the light to change so he could cross the avenue when he saw this plaintiff running from the opposite side of the avenue at an angle toward and somewhat north of the intersection. She was holding an umbrella in front and to her left, to shield herself from the rain. This witness further testified that defendant's automobile proceeded through the intersection with the light in its favor and struck this plaintiff " slightly " north of the 23d Street curb line. In this context, I cannot agree with the majority's determination that the verdict should be overturned. Nor do I agree with the majority's specific assignments of prejudicial error. The reference to the injured plaintiff's arrest for picketing a store in Manhattan, during the cross-examination of her coplaintiff husband, occurred only when the latter persisted in testimony that the accident had rendered his wife almost nonambulatory and restricted her walking activity to the immediate area of her home. That he knew of *her*

arrest for marching in a picket line served to contradict *his* prior testimony and was not intended to attack her character or suggest that such conduct was in any way responsible for the accident (see *Landt* v. *Kingsway Equip. Leasing Corp.,* 159 N. Y. S. 2d 453, affd 4 A D 2d 785). Such conduct would hardly be deemed degrading by a modern-day sophisticated jury. Similarly, there was nothing erroneous in permitting the admission of the " Radiographic Request Card ". It was a record kept in the regular course of the hospital's business. The notation thereon indicating that plaintiff was " drunk " when admitted to the hospital was not an improper entry if it related to the injured plaintiff's examination or efforts by the hospital staff to make the examination. A patient's condition upon admission is of valuable aid in diagnosing illness or injury and prescribing medication or treatment. On its face, it appears the entry was based upon the personal observations of a hospital employee made in the course of his duties. If such was not the case, plaintiffs had sufficient time in pretrial investigation to show otherwise (CPLR 4518, subd. [a]; see *Williams* v. *Alexander,* 309 N. Y. 283, 287; *People* v. *Eastwood,* 14 N. Y. 562).