Leon D. Lazer, J.
This motion for an order compelling the defendant doctor to comply with plaintiff’s notice for discovery and inspection of his medical malpractice insurance policy involves the application of CPLR 3101 (subd [f]) which became effective on August 6 of last year (L 1975, ch 668). In response to plaintiff’s notice for discovery, the defendant disclosed only the policy period and the policy limits of $500,000/1,500,000. In this motion, plaintiff argues that since the higher figure represents the total amount of insurance maintained to cover all acts of malpractice committed by the defendant during the policy term, he is entitled to know the number of claims brought against the defendant during the applicable policy period, the amount sought in each such claim and the amount already paid. Plaintiff asserts that without this information he cannot determine in advance of judgment the funds which may be available to him from defendant’s policy should he recover. Inter alia, defendant’s position is that the statute does not permit such discovery and that, since it is in derogation of the common law, it must be strictly construed.
CPLR 3101 (subd [f]) provides that: "A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.”
The statute has too recent an origin to have received much judicial attention, although it has been held that excess coverage is discoverable by virtue of the statutory language referring to "any insurance agreement” (Tague v Supe, NYLJ, Jan. 19, 1976, p 11, col 5). CPLR 3101 (subd [f]) is a verbatim re *193 enactment of the Federal rule (Fed Rules Civ Pro, rule 26, subd [b], par [2] [US Code, tit 28, Appendix) but, since thát statute was enacted in 1970, it has not been extensively construed. However, research does reveal one decision directly on point for in Union Carbide Corp. v Travelers Ind. Co. (61 FRD 411) the Federal District Court in Pennsylvania permitted discovery of information concerning charges made by the carrier against plaintiffs policy for settlement of other claims. The Federal rule, the court held, specifically opens this field to discovery and (p 413) "we believe that the possible exhaustion of policy limits by other claims are matters subject to discovery.”
Such an approach is not inconsistent with the language of the statutes. The phrase "to satisfy part or all of a judgment” surely suggests that the legislative intent was to make possible a realistic assessment of the available insurance coverage. Further, the view that the actual amount available is discoverable comports with the discussion of the Federal rule by the Advisory Committee on Rules (US Code, tit 28, Appendix, p 7777): "Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. The amendment is limited to insurance coverage, which should be distinguished from any other facts concerning defendant’s financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy.”
In a hyperbolic affirmation in opposition to the motion, defendant’s attorney details various forbidding consequences which might result from permitting the discovery sought on this motion. He suggests, inter alia, that if the existence of other claims is divulged the party obtaining discovery may try to use the information upon the trial. Although CPLR 3101 (subd [f]) expressly provides that information concerning the insurance agreement is not by reason of its disclosure admissible in evidence, the putative danger is that the section might become a device for discovery of other information harmful to the defendant. The instant plaintiff, however, seeks solely the *194 number and the amounts of the claims made during the applicable policy period and the total of the sums paid out against the policy. The names of claimants or other information concerning their claims are not the subject of the current motion. Even should the information disclosed lead to the names of other claimants, there is no apparent prejudice to defendant since evidence of similar acts of negligence by a defendant offered to create an inference of similar conduct at the time in question is not admissible at the trial (Morgan v Robinson, 3 AD2d 216). Such evidence is not admissible as character evidence (cf. Ward v Thistleton, 32 AD2d 846), nor would evidence of prior malpractice be particularly useful for impeachment purposes, since extrinsic evidence may not be introduced on a collateral issue of credibility (see Cortis v Grenor Co., 20 AD2d 704).
Since the objections to plaintiff’s motion seem to be more fanciful than real and the discovery sought is within the spirit of the statute, it will be permitted.
The motion is granted.