# Supreme Court of Florida

_____

No. SC14-799
_____

**RAFAEL ALEXANDER GUTIERREZ,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[June 25, 2015]

LABARGA, C.J.

Rafael Alexander Gutierrez seeks review of the decision of the Fifth District Court of Appeal in Gutierrez v. State, 133 So. 3d 1125 (Fla. 5th DCA 2014), on the ground that it expressly and directly conflicts with a decision of the Second District Court of Appeal in Brown v. State, 11 So. 3d 428 (Fla. 2d DCA 2009), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash the decision of the Fifth District in Gutierrez and remand for a new trial.

## BACKGROUND AND FACTS

Rafael Alexander Gutierrez was found guilty by a jury of sexual battery in violation of section 794.011(5), Florida Statutes (2010). On appeal to the district court, he raised three issues, only one of which merited discussion by that court. Gutierrez contended on appeal that the trial court erred when it granted the State's request for a special jury instruction informing the jury that a sexual battery victim's testimony need not be corroborated. The majority agreed that it was error to give the instruction under the facts of the case, but concluded that the error was harmless beyond a reasonable doubt and affirmed. Gutierrez, 133 So. 3d at 1131. Judge Evander dissented in part, concluding that the giving of the "no corroboration" instruction was improper and was not harmless, requiring reversal for a new trial. Id. at 1132 (Evander, J., concurring in part, dissenting in part).

The facts of the case are set forth in the decision of the Fifth District as follows:

> Gutierrez was charged with one count of sexual battery not likely to cause injury after the victim complained to detectives that she had been vaginally raped by him in the front seat of her car.
> On the night of January 27, 2010, the victim arrived for work at the Caliente Lounge around 10:00 p.m. Gutierrez, a regular patron at the bar, was already there. On that particular evening, the victim consumed approximately five or six beers over the course of her shift. She left around 2:15 a.m. while Gutierrez was still at the bar. When the victim attempted to drive herself home, she hit the sidewalk with her car. Gutierrez then offered to drive her home. She accepted Gutierrez's offer and the two departed for the victim's home in her car. Gutierrez drove while the victim rode in the front passenger seat.

However, instead of driving her home, Gutierrez drove to an unknown apartment complex and informed her they were stopping to see a friend. When Gutierrez parked the car, he told the victim he wanted to talk with her "for a while." After listening to Gutierrez complain about his relationship with her boss, the victim called him a "stupid idiot." Gutierrez responded by grabbing the victim's hands. The two began to struggle inside the victim's vehicle, at which time Gutierrez moved from the driver's seat to the front passenger seat where the victim was sitting. According to the victim, Gutierrez grabbed her wrists with one hand, and tried to grab at her breast and pull down her pants with the other. In defense, the victim tried to scream, but Gutierrez covered her mouth to stop her. During the struggle, Gutierrez was able to pull both his and the victim's pants down to just above the knee. Thereafter, Gutierrez had vaginal intercourse with the victim, without wearing a condom, and ejaculated. During the struggle, the victim continually told Gutierrez to stop, but he did not. Afterward, Gutierrez told her not to tell anyone about the incident, which the victim agreed to do because Gutierrez still had possession of her car keys.

Gutierrez then exited the victim's car and went to sleep in his own vehicle, which his friend had parked in an adjacent spot. He took the victim's car keys with him. The victim slept in her own car because Gutierrez would not give her car keys back, telling her that she still could not drive. After waking the next morning, the victim went to Gutierrez's vehicle to retrieve her keys. Gutierrez agreed to show her the way out of the complex, but the two were separated when Gutierrez drove away quickly. After managing to find her way home, the victim reported back to the Caliente Lounge later that night for her regularly scheduled shift. She expected to see Gutierrez at the bar in hopes that she could call the police to report the incident while he was there, but he never came in. The victim went to work the following night hoping to catch him, but again, Gutierrez never showed. On the third day after the incident took place, the victim told her manager what had occurred. She went to the hospital and the police were contacted. As part of the investigation, the police transported the victim to a clinic where a sexual assault nurse examiner conducted a head-to-toe physical and vaginal examination.

Id. at 1126-27. At trial, evidence and testimony were admitted that the victim had some bruises and scratches on various areas of her body, and some tenderness and an abrasion in her vaginal area. The parties stipulated that DNA collected from the victim's vagina matched Gutierrez's DNA profile.

During the charge conference, the prosecutor requested a special instruction advising the jury that the testimony of the victim need not be corroborated in a prosecution for sexual battery. Defense counsel objected to the proposed special instruction because it did not appear in the standard jury instructions relating to weighing the evidence and because it singled out the testimony of the victim and could mislead the jury into believing it did not need to weigh or evaluate the credibility of the victim's testimony. Because defense counsel had argued in her opening statement that there was a lack of corroboration of the alleged crime, and because section 794.022(1), Florida Statutes (2012), provided that in a prosecution under section 794.011, the testimony of an alleged sexual battery victim "need not be corroborated," the trial court gave the instruction as part of the standard instruction on weighing the evidence.

The question presented in the district court, and in this Court, is whether an instruction that the testimony of the victim need not be corroborated in a prosecution for sexual battery is always error because it improperly emphasizes the victim's testimony and suggests it is deserving of special treatment or whether, as

the State contends and as the majority held below, it is in a trial court's discretion based on the specific facts and circumstances of the case to include the instruction.

On appeal, Gutierrez argued that inclusion of the instruction was reversible error, citing Brown, 11 So. 3d at 430, in which the Second District Court of Appeal broadly held that use of the identical "no corroboration" instruction was error. However, the Fifth District, after refusing to recognize a "hard and fast rule that it is always error to give a special 'no corroboration' instruction in sexual battery cases," held that giving such instruction was in the trial court's discretion, but should be given "only in very limited circumstances where the defendant's argument suggests the jury must require corroboration." Gutierrez, 133 So. 3d at 1131. Concluding that the defendant's opening statement did not open the door to such an instruction, the Fifth District held that the use of the "no corroboration" instruction was indeed error in this case, but was harmless. Id. at 1131.

**ANALYSIS**

The trial court in this case agreed to give the "no corroboration" instruction, in part, because section 794.022(1) stated that the testimony of the victim need not be corroborated in a prosecution under section 794.011, Florida Statutes. Section 794.022, titled "Rules of evidence," addresses the admission and exclusion of certain evidentiary matters in prosecutions for sexual battery. For example, it precludes admission of specific instances of prior consensual sexual activity

between the victim and any other person, with certain exceptions. § 794.022(2), Fla. Stat. (2012). The statute also precludes admission of evidence of the victim's reputation relating to prior sexual conduct or the victim's manner of dress to show that the victim's dress incited the sexual battery. § 794.022(3), Fla. Stat. (2012). The statute provides that an offender's use of a prophylactic device or a victim's request that the offender use such a device is not, by itself, relevant to the issue of commission of the offense or of consent. § 794.022(5), Fla. Stat. (2012). It is in this context of certain evidentiary matters in a sexual battery prosecution that the statute also provides that the testimony of the victim need not be corroborated.

The Second District in Brown set forth a detailed history of section 794.022(1), and observed that the "no corroboration" provision was enacted in 1974 as part of legislation eliminating the crime of "rape" and replacing it with the offense of "sexual battery." 11 So. 3d at 434; see also ch. 74-121, §§ 1, 2, at 372, Laws of Fla. (repealing § 794.01, Fla. Stat., and creating § 794.011, Fla. Stat.). The 1974 enactment also provided that "[t]he testimony of the victim need not be corroborated." In that same section it stated that "the court may instruct the jury with respect to the weight and quality of the evidence." § 794.022(1), Fla. Stat. (Supp. 1974). That latter phrase concerning instruction on the weight and quality of the evidence in a sexual battery prosecution was removed in 1984. See ch. 83-258, § 1, at 1315, Laws of Fla.

In earlier prosecutions under the old "rape" statute, the standard jury instruction included direction to the jury that "[i]f the testimony of the female is not supported by other evidence her testimony should be rigidly examined, especially as it related to the nature and extent of the force used and as it related to the question of whether or not consent was ever finally given." Brown, 11 So. 3d at 434. This instruction was omitted in 1976 and does not appear in the current jury instructions. See Marr v. State, 494 So. 2d 1139, 1141 (Fla. 1986) (citing In re Std. Jury Instrs. in Crim. Cases, 327 So. 2d 6 (Fla. 1976)). In Marr, we had for consideration the propriety of a similar requested special instruction in a sexual battery prosecution that would advise the jury that "where no other person was an immediate witness to the alleged act, the testimony of the prosecutrix should be rigidly scrutinized." 494 So. 2d at 1140. We held that the requested "rigid scrutiny" instruction should not be given in sexual battery cases. Id. In so holding, we explained, "It has been settled law in this state, at least since [Doyle v. State, 22 So. 272 (Fla. 1897)] was decided, that no corroborative evidence is required in a rape case when the victim can testify to the crime and identify her assailant." Marr, 494 So. 2d at 1141. In finding that the "rigid scrutiny" instruction was improper, we held that the standard instruction on weighing the evidence "was adequate, giving guidance to the jury without impermissibly commenting on the weight to be given the evidence or the credibility of any witness." Id. at 1142.

In a somewhat analogous context, the "no corroboration" instruction at issue in this case, although it correctly states the law, is improper because it constitutes a comment on the testimony presented by the alleged victim and presents an impermissible risk that the jury will conclude it need not subject the victim's testimony to the same tests for credibility and weight applicable to other witnesses. Moreover, the standard instruction on weighing the evidence—without reference to a "no corroboration" instruction—adequately gives guidance to the jury without impermissibly singling out the victim's testimony or commenting on the weight to be given the evidence or the credibility of any witness. In Standard Jury Instruction (Criminal) 3.9, Weighing the Evidence, the jurors are told that they should consider the following:

> 1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
>
> 2. Did the witness seem to have an accurate memory?
>
> 3. Was the witness honest and straightforward in answering the attorneys' questions?
>
> 4. Did the witness have some interest in how the case should be decided?
>
> 5. Does the witness's testimony agree with the other testimony and other evidence in the case?
> . . . .
> Whether the State has met its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

. . . .

> You may rely upon your own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or testimony of any witness.

Fla. Std. Jury Instr. (Crim.) 3.9.

Standard jury instructions are presumed correct and are preferred over special instructions. See Stephens v. State, 787 So. 2d 747, 755 (Fla. 2001). A special jury instruction may be given where the standard instruction is "erroneous or inadequate," see Florida Rule of Criminal Procedure 3.985, but the requested instruction cannot confuse or mislead the jury. The special instruction in this case runs afoul of both requirements. The standard instruction on weighing the evidence is not erroneous and it provides the jury with adequate guidance as to evaluating the weight and credibility of each witness's testimony. Further, the special "no corroboration" instruction has a high likelihood of confusing and misleading the jury regarding its duty to consider the weight and credibility of the testifying victim of a sexual battery. Just as the defendant in a sexual battery prosecution is not entitled to a "rigid scrutiny" instruction, the State is not entitled to a "no corroboration" instruction. Each instruction has the deleterious effect of singling out the testimony of one witness and providing a different test for evaluating that testimony than would be applied to all other witnesses.

The Second District in Brown observed that the "rigid scrutiny" instruction at issue in Marr was essentially the "flip side" of the "no corroboration" instruction

- 9 -

under review in <u>Brown</u>, and now in this case.  <u>Brown</u>, 11 So. 3d at 438.  The

<u>Brown</u> court concluded that the "no corroboration" instruction "singles out the

testimony of one witness for particular comment [and] constitutes an

impermissible comment on the evidence."  <u>Id.</u> at 438-39.  The district court also

found that the special instruction is likely to confuse and mislead the jury, even

though it is a correct statement of law.  <u>Id.</u> at 439.  The principle of law in section

794.022(1), the "no corroboration" provision, is not intended to be a jury

instruction but, the Second District opined, is directed at an appellate court's

review of the sufficiency of the evidence in sexual battery cases.  <u>Id.</u>  We also note

that the legal principle stated in that statute is applicable in the trial court in the

context of a motion for judgment of acquittal challenging sufficiency of the

evidence, or a motion for new trial challenging the weight of the evidence to

support the sexual battery conviction when the testimony of the alleged victim is

uncorroborated by any other witness.  <u>See</u> Fla. R. Crim. P. 3.600(a)(2).

We agree with the Second District in <u>Brown</u> that the statement of law that

the testimony of the victim need not be corroborated is not a proper jury instruction

for the reasons just discussed.  As the Second District noted in <u>Brown</u>, "[r]eading a

statute to the jury as an instruction is not necessarily erroneous."  <u>Brown</u>, 11 So. 3d

at 433 (quoting <u>Ruskin v. Travelers Ins. Co.</u>, 125 So. 2d 766, 769 (Fla. 2d DCA

1960)).  However, as the <u>Brown</u> court also warned, the instruction based on the

statute must not mislead the jurors.  Id.  Further, such an instruction must not

violate other long-established principles such as the right of a defendant to have a

jury trial free from comment or intimation by the trial judge on the weight,

character, or credibility of the evidence.  In 1896, we cautioned in Lester v. State,

20 So. 232 (Fla. 1896):

> [G]reat care should always be observed by the judge to avoid the use
> of any remark in the hearing of the jury that is capable, directly or
> indirectly, expressly, inferentially, or by innuendo, of conveying any
> intimation as to what view he takes of the case, or that intimates his
> opinion as to the weight, character, or credibility of any evidence
> adduced.  All matters of fact, and all testimony adduced, should be
> left to the deliberate, independent, voluntary, and unbiased judgment
> of the jury, wholly uninfluenced by any instruction, remarks, or
> intimation, either in express terms or by innuendo, from the judge,
> from which his view of such matters may be discerned.  Any other
> course deprives the accused of his right to trial by jury, and is
> erroneous.

Id. at 234.  These same cautionary principles apply to statements of the court that

are made within the jury instructions.  We later reiterated these same principles in

Seward v. State, 59 So. 2d 529 (Fla. 1952):

> [A] trial court should avoid making any remarks within the hearing of
> the jury that is capable directly or indirectly, expressly, inferentially,
> or by innuendo of conveying any intimation as to what view he takes
> of the case or that intimates his opinion as to the weight character, or
> credibility of any evidence adduced.

Id. at 531 (quoting Leavine v. State, 147 So. 897, 902 (Fla. 1933)).  Again, in

Whitfield v. State, 452 So. 2d 548 (Fla. 1984), we explained that "a trial court

should scrupulously avoid commenting on the evidence in a case. . . . [and] should

- 11 -

take great care not to intimate to the jury the court's opinion as to the weight, character, or credibility of any evidence adduced." Id. at 549 (citations omitted). This important prohibition has in fact been codified in section 90.106, Florida Statutes (2014), which states that "[a] judge may not sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused." We disagree with the holding in Gutierrez below that it is a matter for the trial court's discretion based on the facts and circumstances of an individual case.

It cannot be gainsaid that any statement by the judge that suggests one witness's testimony need not be subjected to the same tests for weight or credibility as the testimony of others has the unfortunate effect of bolstering that witness's testimony by according it special status. The instruction in this case did just that, and in the process effectively placed the judge's thumb on the scale to lend an extra element of weight to the victim's testimony. The "no corroboration" instruction is simply improper, regardless of whether the defense counsel has pointed out to the jury that no other witness has corroborated the victim's account. That is a proper subject for argument, but not jury instruction. Thus, we disagree with the Fifth District below that giving such instruction is left to the discretion of the court depending on the facts of a specific case.

We also disagree with the conclusion of the district court below that error in giving the instruction in this case was harmless beyond a reasonable doubt. The majority in the district court decision below held that the error was harmless because the victim's testimony was in fact corroborated by DNA evidence, testimony from the sexual assault nurse, and photographs of the victim's injuries attributed to the alleged sexual battery. Gutierrez, 133 So. 3d at 1131.

Judge Evander concurred in part and dissented in part. He agreed with the Brown court that the "no corroboration" instruction is improper because it is likely to confuse and mislead the jury. Gutierrez, 133 So. 3d at 1132 (Evander, J., concurring in part, dissenting in part). He also noted that Florida Standard Jury Instruction 3.7 (Criminal) provides that "[a] reasonable doubt as to the guilt of a defendant may arise from the evidence, conflict in the evidence, or the lack of evidence." Gutierrez, 133 So. 3d at 1132 (Evander, J., concurring in part, dissenting in part) (quoting Fla. Std. Jury Instr. 3.7 (Crim.)). Referring to Standard Jury Instruction 3.7, which was also given in this case, Judge Evander aptly noted:

> Thus, a juror can properly conclude that an alleged victim's testimony in a particular case is not, in and of itself, sufficient to establish a defendant's guilt beyond a reasonable doubt. As a result, that juror may conclude that without "corroborating evidence," a reasonable doubt exists because of the lack of evidence. It is readily foreseeable that such a juror may be misled or confused by an ensuing, and arguably inconsistent, instruction that the alleged victim's testimony need not be corroborated.

- 13 -

Id. (Evander, J., concurring in part, dissenting in part). Judge Evander also agreed with the Brown court that the "no corroboration" instruction highlights the testimony of one witness, illustrating the problem with such an instruction by asking: "If the defendant had testified in the instant case that the sexual encounter he had with the alleged victim was consensual, would he have been entitled to an instruction stating, 'the testimony of a defendant need not be corroborated'?" Id. (Evander, J., concurring in part, dissenting in part). Finally, Judge Evander also concluded that the error in giving the instruction was not harmless. Id. (Evander, J., concurring in part, dissenting in part).

We agree with Judge Evander's conclusion that the error in giving the instruction was not harmless. He correctly notes that the case was not a "slam dunk." Id. (Evander, J., concurring in part, dissenting in part). There was no evidence of a confession that the sexual encounter was not consensual. The testimony of the sexual assault nurse examiner concerning the evidence of bruises and tender areas on the victim conceded that some injuries can occur even in consensual sex. It should not be overlooked that the sexual encounter occurred in the front seat of a vehicle, which itself could account for some of the bruising and tenderness, as defense counsel argued. The victim's testimony of her conduct immediately after the incident can be viewed as consistent with a consensual encounter. She did not flee or seek immediate assistance. She chose to sleep in

her vehicle in the vicinity of her alleged attacker. The next morning, she approached Gutierrez to obtain her car keys and sought his assistance in directing her out of the apartment complex. She did not report the alleged attack for several days. While none of these facts are clear proof of consent, they are not inconsistent with consensual sex.

The defense counsel argued in her opening statement that the testimony of the victim was uncorroborated. As we noted earlier, lack of corroboration is a proper subject of argument, not jury instruction. See e.g., Marr, 494 So. 2d at 1142 (noting that the analogous "rigid scrutiny" principle is proper argument from counsel but not proper coming "from the bench clothed as principles of law"). With the benefit of the special instruction in this case, the prosecutor argued in closing,

> The second instruction that the Judge is going to give you that I would like to mention, is that in a prosecution for sexual battery, there is no need for corroborating evidence of the victim. Just like we talked about in jury selection, and everyone agreed that you would follow the law. And that's the law. There is no need for corroboration.

In closing rebuttal, the prosecutor again argued, "The victim's testimony doesn't have to be corroborated in a case like this."

We conclude the error in this case was not harmless. The United States Supreme Court in Chapman v. California long ago explained:

We prefer the approach of this Court in deciding what was harmless error in our recent case of Fahy v. State of Connecticut, 375 U.S. 85. There we said: "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Id., at 86-87.

Chapman v. California, 386 U.S. 18, 23 (1967). Subsequently, this Court explained in DiGuilio v. State, 491 So. 2d 1129 (Fla. 1986):

The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. See Chapman, 386 U.S. at 24. Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.

Id. at 1138. Thus, the test is whether there is a reasonable possibility that the error contributed to the verdict; or alternatively stated, whether the error complained of can be said beyond a reasonable doubt not to have contributed to the verdict. The harmless error test is not met by simply determining that the evidence was otherwise sufficient to convict or, as in this case, that the victim's testimony was corroborated by other evidence.

The error in the present case in instructing the jury that the testimony of the victim need not be corroborated could have allowed the jury to weigh her testimony more heavily than other evidence that was not inconsistent with consensual sex. We cannot discount the reasonable possibility that the error

- 16 -

contributed to the conviction in this case. For this reason, we cannot conclude that that the error was harmless beyond a reasonable doubt.

## CONCLUSION

Accordingly, we quash the decision of the Fifth District in Gutierrez, approve the decision of the Second District in Brown, and remand for a new trial at which the jury is properly instructed.

It is so ordered.

PARIENTE, LEWIS, and PERRY, JJ., concur.
QUINCE, J., dissents.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Because I find no direct conflict between the decision under review and Brown v. State, 11 So. 3d 428 (Fla. 2d DCA 2009), I would dismiss review.

In Gutierrrez, the decision under review, the district court held that it was error for the trial court to instruct the jury that in a prosecution for sexual battery "the testimony of the victim need not be corroborated." 133 So. 3d at 1127. The decision in Brown was to the same effect. The holdings of the two cases are consistent and create no express and direct conflict of decisions. The two cases differ in what the opinions say more generally about the "no corroboration" instruction. Gutierrez includes commentary to the effect that under different

- 17 -

circumstances, the "no corroboration" instruction might be appropriate. See 133

So. 2d at 1131. The court's statements to this effect are dicta, i.e., comments not

necessary to the decision. Such comments do not establish binding legal

precedent[1] and therefore do not create conflict. See Ansin v. Thurston, 101 So. 2d

808, 811 (Fla. 1958) ("A limitation of review to decisions in 'direct conflict'

clearly evinces a concern with decisions as precedents as opposed to adjudications

of the rights of particular litigants."); see also Ciongoli v. State, 337 So. 2d 780,

781 (Fla. 1976) (review discharged where "the conflicting language is mere obiter

dicta").

Even if express and direct conflict can be based on conflicting statements of

law that are broader than the actual holdings of the cases, the two decisions still do

not conflict because the facts of the cases are significantly different. In Brown,

there was a delay of nearly twenty years between the commission of the crimes and

the victims' reporting them to the police. In light of this and other circumstances,

the appellate court found that the giving of the instruction was an abuse of

discretion and was harmful. In the instant case, the district court found the error in

giving the instruction was harmless based on the specific circumstances of this

case. In short, the cases are factually distinguishable.

---

1. See Henry Campbell Black, The Law of Judicial Precedents 176-77
(1912); Eugene Wambaugh, The Study of Cases 6-7 (1892).

On the merits, I would hold that the giving of the "no corroboration is needed" instruction in this case was not an abuse of the trial judge's discretion under the circumstances. "The giving or withholding by a trial court of a requested jury instruction is reviewed under an abuse of discretion standard." Worley v. State, 848 So. 2d 491, 491 (Fla. 5th DCA 2003). Although it is not a standard instruction, the instruction given was an accurate statement of the law and was justified by defense counsel's argument suggesting to the jury that the State's case was lacking because the victim's statement was uncorroborated. The trial court added the brief statement to the standard instructions on weighing the evidence and did not give it special prominence. I would therefore uphold the district court's decision by approving it in result.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

     Fifth District - Case No. 5D12-3461

     (Orange County)

Terrance Edward Kehoe of the Law Office of Terrance E. Kehoe, Orlando, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, Criminal Appeals, and Pamela Jane Koller, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent